83 F.3d 422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence ROBINSON, Petitioner-Appellant,
v.
Dennis BAKER, Warden, Respondent-Appellee.
 No. 95-3749.
 United States Court of Appeals, Sixth Circuit.
 April 18, 1996.
 
 1
 Before: MILBURN and BOGGS, Circuit Judges, and BORMAN, District Judge.*
 
 ORDER
 
 2
 Lawrence Robinson appeals a district court judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial in the Lucas County, Ohio, Court of Common Pleas in 1991, petitioner was found guilty of two counts of aggravated burglary. Petitioner was sentenced to two concurrent 12 to 25 year terms of imprisonment. The Ohio Court of Appeals affirmed petitioner's convictions on direct appeal, and the Ohio Supreme Court denied leave to appeal. Thereafter, petitioner unsuccessfully pursued post-conviction relief in the state courts.
 
 
 4
 Next, petitioner filed his petition in the district court alleging as grounds for relief that: (1) his aggravated burglary convictions are not supported by constitutionally adequate evidence; and (2) he received ineffective assistance of appellate counsel. Respondent filed a return of the writ, and petitioner submitted a response. The magistrate judge recommended that the petition be denied, and petitioner filed objections. The district court adopted the magistrate judge's recommendation and denied the petition. Petitioner filed a timely notice of appeal, and the district court granted petitioner a certificate of probable cause to appeal.
 
 
 5
 On appeal, petitioner reiterates his claim that his two aggravated burglary convictions are not supported by constitutionally adequate evidence. Respondent contends that both claims asserted by petitioner in the district court are meritless. Upon consideration, the judgment of the district court is affirmed because petitioner's convictions are supported by constitutionally adequate evidence.
 
 
 6
 This court reviews de novo the dismissal of a petition for habeas corpus relief. Carter v. Sowders, 5 F.3d 975, 978 (6th Cir.1993), cert. denied, 114 S.Ct. 1867 (1994). Generally, constitutionally adequate evidence supports a conviction if viewing the evidence in the light most favorable to the prosecution any rational trier of fact would accept the evidence as establishing beyond a reasonable doubt each essential element of the crime. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Here, the recitation of facts by the Ohio Court of Appeals as incorporated in the magistrate judge's report and recommendation and adopted by the district court is presumed correct under 28 U.S.C. § 2254(d). See Sumner v. Mata, 455 U.S. 591, 597 (1982) (per curiam); Levine v. Torvik, 986 F.2d 1506, 1514 (6th Cir.), cert. denied, 113 S.Ct. 3001 (1993). The evidence as described by the Ohio Court of Appeals is such that a rational trier of fact would accept each element of aggravated robbery as defined under Ohio Rev.Code § 2911.11 as established beyond a reasonable doubt.
 
 
 7
 Finally, respondent correctly notes that petitioner has not asserted on appeal the ineffective assistance of counsel claims he asserted in the district court. Therefore, these claims are considered abandoned and unreviewable on appeal. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 8
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3); Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul D. Borman, United States District Judge for the Eastern District of Michigan, sitting by designation